## CITY COURT OF NEW YORK.

### JOSEPH S. COHN *et al.* agt. JOSEPH HUSSON.

*Costs— What may be taxed on final judgment, when a party has been allowed to amend his pleading upon payment of certain costs.*

When a party is allowed to amend his pleading upon payment of certain costs designated in the order as "costs," his adversary is not deprived of his right to tax a full bill of costs if successful.

The amount so paid was not intended to deprive either party of any costs which had accrued at the time of the entry of judgment.

*General Term, December,* 1885.

*Before* HAWES *and* HYATT, *JJ.*

*A. Kling,* for respondent.

*J. Husson,* for appellant.

HAWES, *J.*—We are of opinion that the judge below was authorized to order a retaxation, and that the order so made is appealable.

The only substantial question presented upon this appeal is, whether costs paid by a party as a condition of amending his answer, are again recoverable on the first taxation.

This is purely a question of construction which this court can determine for itself, and its decision is not subject for review (*Union Trust Co.* agt. *Whiton,* 78 *N. Y.,* 491).

Cohn *et al.* agt. Husson.

The supreme court in the case of *Schmidt* agt. *Mackie* (9 *Week. Dig.*, 288) expressly holds that the plaintiff cannot recover in his bill of costs the costs which have been already paid, when, as in this case, an amended answer was allowed upon payment of costs up to that time, but it is stated in the opinion that, if the judge had imposed the payment of a sum of money equivalent to the costs, without designating it as such, doubtless the taxable costs might be recovered.

The superior court, however, in *Havemeyer* agt. *Havemeyer* (48 *Supr. Ct.*, 104) is equally explicit to the contrary, and holds that such order does not deprive the party of his contingent right to costs, nor is the order to be so construed, but rather as a compensation to the plaintiff for the amendment to be measured by the taxable costs to the time of its entry.

In both cases the application was for leave to amend the answer (as in this case), and in both (as in this) was leave granted on payment of costs to date.

The construction of the order must be determined by the intent and purpose of the judge in granting it, and it certainly seems to be a very close and technical construction to say arbitrarily that because he incidentally used the words costs in the order he intended that they should be the identical costs finally recoverable, and that if he had mentioned the exact sum without designating it as costs an entirely different purpose would have been inferable. The question really is whether the judge who granted the conditional order below intended to make a final disposition of the costs which might subsequently accrue and become payable, or whether he used the term merely as a measure of the compensation to which the opposing party would be entitled for the additional labor imposed by the favor granted.

It may be said, on the one hand, that the party receiving the costs upon the motion may never become entitled to them, as he may be unsuccessful, and in any event, even though he should be, yet their absolute payment in the possible contingencies of a fruitless execution would be justly deemed com-

Cohn *et al.* agt. Husson.

pensation in itself, although the successful attorney would, I think, consider the rate of insurance very high. This view of the case is involved in such uncertainty, and is subject to so many contingencies, that it furnishes to the court no criterion whatever of the amounts which should be imposed as compensation to the opposing party for the additional labor, and I think it cannot be deemed that the court intended the order to be so construed, and we are bound, I think, to construe it in the light of the purpose to be accomplished, and also of the intention of the court in allowing it.

I take it for granted when an amendment is allowed upon condition of payment of money, that the plain purpose of such payment is the compensation to the opposing party for the additional labor and trouble imposed upon him by reason of it, and that the payment of moneys has no other purpose. The court is presumed to know what would be a reasonable compensation in view of all the facts, and in its discretion orders such payment. Clearly it was not its purpose to make it payable at once rather than at some other time or to base its decision upon such uncertain conditions. Neither is it a fair inference that the court, in fixing the amount payable, had in mind a determination as to how the costs which should accrue at the close of the litigation should be finally disposed of, but that it was used in a mere general sense, and that the fair construction would seem to be that the court having fixed upon the amount of this compensation to be paid the opposing party, had used the term costs as a convenient measure of designating such compensation, and that it had no technical or different meaning.

The order should be affirmed, with costs.

HYATT, J., concurs.